UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chris Norris<br><br>    Plaintiff,<br><br>v.<br><br>SIMM Associates, Inc.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Chris Norris, ("Chris"), is a natural person who resided in Chicago, Illinois, at all times relevant to this action.

2. SIMM Associates, Inc., ("SIMM"), is a Delaware corporation that maintained its principal place of business in Newark, Delaware, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, SIMM collected consumer debts.

6. SIMM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of SIMM's revenue is debt collection.

8. SIMM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, SIMM contacted Chris to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Chris is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Before June 12, 2013, Chris retained a Consumer Bankruptcy attorney in order to file a Bankruptcy.

13. The purpose for doing so was, inter alia, to get the collection calls to cease.

14. When Chris met with his bankruptcy attorney, the attorney told him that once he retained the law firm to represent him regarding his debts, all collection activity would need to take place through the law firm.

15. On June 12, 2013, Chris telephoned SIMM in response to a written communication he received from Simm.

16. During this communication, Chris notified SIMM he was represented by a bankruptcy attorney and provided Chris's attorney's contact information as his bankruptcy attorney instructed him.

17. In response to Chris notifying SIMM he was represented by a bankruptcy attorney, SIMM threatened Chris by telling him if Chris's attorney did not contact SIMM within 30 days, Chris's account would be reactivated and the telephone calls would continue.

18. SIMMS threats greatly concerned Chris as this was entirely different than what he was told by his bankruptcy attorney.

19. SIMM's threats to continue to contact Chris post representation caused Chris severe emotional distress.

20. SIMM violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt by threatening to reactivate Plaintiff's account and continue telephoning Plaintiff if Plaintiff's attorney did not contact Defendant within 30 days.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt by threatening to reactivate Plaintiff's account and continue telephoning Plaintiff if Plaintiff's attorney did not contact Defendant within 30 days.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

                        Hyslip & Taylor, LLC, LPA


                        By:   /s/ Jeffrey S. Hyslip
                        One of Plaintiff's Attorneys

Date: July 2, 2013

Jeffrey S. Hyslip, Esq.
Hyslip & Taylor, LLC, LPA
917 W. 18th St., Suite 200
Chicago, IL  60608

4